RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/2/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **WILLIAM MERCER, #15996-016** | DOCKET NO. 11-CV-1501; SEC. P |
| **VERSUS** | JUDGE JAMES T. TRIMBLE, JR. |
| **USA, ET AL.** | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the sixth of seven *pro se* complaints filed by Plaintiff William Mercer. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. In this suit, he names as defendants the United States of America, Warden Sherrod, and Officers Willis and Muffet. He complains that he was denied access to the Courts by the defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

Plaintiff alleges that on June 16, 2009, he submitted to the D.C. Court of Appeals a motion for extension of time to file a memorandum regarding a criminal appeal that he had filed in 2007. [Doc. #9] Plaintiff alleges that the mail "never made it to court for unknown reason [sic]". [Doc. #1, p.2] Plaintiff states that the motion for extension of time was returned to him in the mail by the postal service, one year later - June 26, 2010, with a note that it had been found loose in the mail. [Doc. #1, p.2]

Plaintiff concludes that Officers Willis and Muffut tampered with his mail. He also intimates that he saw the officers tamper with his mail on this occasion.

## Law and Analysis

The FTCA contains its own exhaustion provision, which is jurisdictional. That is, before bringing an action in federal district court under the FTCA, the plaintiff must fully exhaust all administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993); Price v. United States, 81 F.3d 520, 521 (5th Cir. 1996).[1] The exhaustion procedures for tort claims under the FTCA are separate and distinct from the exhaustion requirements for a Bivens or other type of claim. See Lambert v. United States, 2006 U.S. App. LEXIS 21963 (11th Cir. 2006) ; Janis v. United States, 162 Fed. Appx. 642 (7th Cir. 2006). Because this requirement is jurisdictional in nature, the filing of a claim with the appropriate agency cannot be waived. See Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981).

Plaintiff attached documents to his complaint purporting to

---

[1] 28 U.S.C. §2676(a) provides in part:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency** in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

exhibit exhaustion of his claim. However, those documents pertain to one of Plaintiff's other tort claims in another lawsuit. As to the claim in this suit, there is no indication, and Plaintiff does not allege, that he provided the BOP with written notification of injury and a monetary demand *or* that his claim was denied at the final step. Because Plaintiff's claim does not appear to be exhausted, this court has no jurisdiction to hear the FTCA claim.

Even if the claim was properly exhausted, the claim should be dismissed. Plaintiff has not alleged a physical injury suffered as a result of the three days of complained of conditions of confinement. 42 U.S.C. §1997e(e) provides that no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See Stephens v. Yusuff, 95 Fed. Appx. 78 (5th Cir. 2004). Plaintiff responds that because his motion for extension of time was not received by the appellate court in Washington, D.C., his criminal appeal was denied. He concludes that his case "was a guaranteed win" and that he "would have automatically won [the] appeal." These allegations are conclusory. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). Plaintiff's belief that a motion for extension of time to file a brief (two years after the appeal had been lodged) would have been granted is entirely speculative, as is his belief that he would have "automatically

won" the reversal of his criminal conviction. Moreover, a full year passed without hearing from the court before the document was purportedly returned to him by the postal service; so, he should have realized at some point that the motion had probably not been received by the appellate court.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's FTCA complaint be **denied and dismissed for lack of jurisdiction**. Alternatively, if Plaintiff did properly exhaust his FTCA claim, it is recommended that the claim be dismissed as **frivolous** under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas**

4

**v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 29th day of February, 2012.

                                            _____
                                                       JAMES D. KIRK
                                            UNITED STATES MAGISTRATE JUDGE